IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CAROLINE DANETTE GRANT, *

    Plaintiff, *

vs. *

    CASE NO. 4:18-CV-129 (CDL)

FEDEX GROUND PACKAGE SYSTEM, *
INC.,
    *

    Defendant.
    *

O R D E R

Plaintiff Caroline Grant brought this action against her former employer, FedEx Ground Package System, Inc. ("FedEx"). FedEx moved to dismiss (ECF No. 14). Grant did not respond. For the following reasons, FedEx's motion is granted.

STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule

12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

Grant is proceeding *pro se*. "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle*, 429 U.S. at 106). The Court therefore liberally construes Grant's complaint. Nevertheless, Grant must still allege sufficient facts to support the essential elements of her claim. The Court is not required to speculate as to the existence of those facts.

FACTUAL ALLEGATIONS

Grant alleged the following facts in her complaint, which the Court accepts as true for purposes of this motion.[1]

FedEx hired Grant in May 2017. One of her responsibilities was to unload boxes from trucks. In July 2017, Grant's manager, Meinko Jones, went on vacation for one week. Grant asked a coworker named "Q" who was in charge in Jones's absence? Q told

---

[1] Grant used a form to draft her complaint and attached several pages of narrative about her claims. *See generally* Compl., ECF No. 1-1. She did not set forth her allegations in individually numbered paragraphs. The background provided in this Order is the Court's summary of her allegations.

her "George" was in charge. Grant alleged that while Jones was on vacation, she asked George to open a door to help her unload the trucks. George, however, opened the wrong door. Grant had to ask Q to open the door for her so she could do her work.

After Jones returned from vacation, George approached Grant and told her to go home. Grant refused to leave unless Jones told her to do so. George told her she was too old to work at FedEx anyway. Over the next several weeks, George continued to bully and harass Grant. George constantly tried to send Grant home. George told her, "I am going to keep on until I get you out of here. You too old to be working here anyway." Compl. 11, ECF No. 1-1. Every time George harassed Grant and tried to send her home, she reported it to Jones and to FedEx security.

On August 17, 2017, tensions between George and Grant boiled over. George told Grant to go home, and Grant suggested that they talk to Jones. Grant said Jones was in charge, but George told her, "hell no I am your boss." *Id*. Grant told George that during her orientation she learned that Jones was in charge, but George said, "[I] don't give a fuck." *Id*. George notified FedEx security and told Grant that security would "walk [her] ass out the door." *Id*. Grant told him to stop cursing her. FedEx security arrived and separated George and Grant. George continued to curse Grant and pushed the FedEx security guard away so that he could "do

something to" Grant. *Id*. The security guard had to separate Grant and George.

Grant told her side of the story to the security guard and Jones. Jones then told her she had to go home but did not tell George to go home. Grant complained that both parties should be sent home after the incident and that FedEx was discriminating against her by only sending her home. Jones told her he would have to report the incident.

A week later, a FedEx security officer named Rick contacted Grant. Rick told her she was suspended with pay. Grant told her side of the story to Rick. Rick told her the investigation would continue and that someone would contact her to explain the outcome. Another week later, Grant contacted FedEx to register for benefits. FedEx told her that she could not receive benefits because Rick had terminated her on August 25. Grant then brought this action.

DISCUSSION

Grant asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Compl. 1-2.[2] The Court addresses those claims in turn.

---

[2] Grant also brought claims pursuant to the Constitution generally. Grant pointed to no specific provisions of the Constitution, and the Court is aware of none, that address age discrimination in this context. Therefore, Grant's constitutional claims are dismissed without prejudice.

4

## I. Title VII Claims

Grant makes no allegations implicating Title VII. Her only complaints relate to alleged discrimination based on her age. Because age is not a protected class under Title VII, her Title VII claims are dismissed. *See* 42 U.S.C. § 2000e-2(a)(1)-(2) (prohibiting discrimination because of a person's race, color, religion, sex, or national origin).

## II. ADEA Claims

To avoid dismissal of her age discrimination claims, Grant must allege facts that plausibly demonstrate that FedEx took an adverse employment action against her because of her age. 29 U.S.C. § 621(a)(1). The only FedEx employee who Grant alleges engaged in ageist behavior is George. But Grant also alleges that George was not her supervisor nor the decisionmaker regarding her termination. She clearly alleges that Rick terminated her, and she does not allege that Rick engaged in any ageist behavior, uttered any ageist remark, was influenced by George's ageist animus, or otherwise discriminated against her. She also does not allege that Jones, Rick, or anyone else adopted George's ageist motivations. Grant has simply failed to allege sufficient facts that plausibly support her conclusory allegation that FedEx terminated her because of her age. Therefore, her age-based discrimination claims must be dismissed.

CONCLUSION

FedEx's motion to dismiss (ECF No. 14) is granted.[3]

IT IS SO ORDERED, this 2nd day of November, 2018.

> S/Clay D. Land
> ───────────────────────────
> CLAY D. LAND
> CHIEF U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA

---

[3] Because the deficiencies in Grant's *pro se* complaint likely could not be cured by allowing her to amend her complaint and because Grant did not even bother to respond to FedEx's motion to dismiss, the Court dismisses her complaint without *sua sponte* allowing her an opportunity to amend it. However, the Court also notes that the dismissal of her complaint is without prejudice.